IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41225
Conference Calendar

_____

UNITED STATES OF AMERICA,

Respondent-Appellee,

versus

CHRISTOPHER TAYLOR,

Petitioner-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:96-CV-64
- - - - - - - - - - -
February 11, 1998
Before SMITH, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Christopher Taylor, federal prisoner # 04971-078, appeals
the district court's denial of his motion to vacate, set aside,
or correct his sentence, pursuant to 28 U.S.C. § 2255.  Taylor
argues that his counsel was ineffective for failing to file a
direct appeal and that the district court erred in calculating
the amount of drugs attributable to him for sentencing purposes.

Taylor raises his ineffective-assistance claim for the first
time on appeal.  At most, his claim is subject to plain-error

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

review.  See United States v McPhail, 112 F.3d 197, 199 (5th Cir. 1997).  His claim gives rise to a factual question which this court will not resolve on appeal and which, by its nature, does not rise to the level of obvious error.  See Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).  Taylor's argument regarding the district court's calculation of the quantity of drugs attributable to him is not cognizable under § 2255.  See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

Taylor's claims are without merit.  Accordingly, the district court's judgment denying his § 2255 motion is AFFIRMED.